NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3423
_____

CANDICE RONEY,
                    Appellant

v.

ALLEGHENY INTERMEDIATE UNIT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court  No. 2-12-cv-00832
District Judge: The Honorable Terrence F. McVerry

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 13, 2014

Before: SMITH, VANASKIE, and SHWARTZ, *Circuit Judges*

(Filed: June 11, 2014)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Candice Roney appeals from an order of the United States District Court for

the Western District of Pennsylvania granting summary judgment in favor of her

former employer, Allegheny Intermediate Unit (AIU), on her claim of pregnancy

discrimination under 42 U.S.C. § 2000e-2(a)(1), as amended by 42 U.S.C. § 2000e(k). The District Court exercised jurisdiction under 28 U.S.C. § 1331. We exercise final order jurisdiction under 28 U.S.C. § 1291. Our review of an order granting summary judgment is plenary. *Equal Emp't Opportunity Comm'n v. GEO Grp., Inc.*, 616 F.3d 265, 270 (3d Cir. 2010). For the reasons set forth below, we will reverse and remand for further proceedings.

In September 2010, AIU provisionally hired Roney for 90 days as a personal care assistant (PCA) in one of its elementary schools. Her employment was provisional because she had yet to obtain the required child abuse clearance from the Commonwealth of Pennsylvania. Because the student she was assisting left the school district shortly after her employment commenced, Roney was transferred to Sunrise School. There, she worked as a day-to-day substitute. Principal McDonough offered Roney the opportunity to work in a Multiple Disabilities Student (MDS) class, but Roney, who had just learned she was pregnant again after a miscarriage, explained that she could not lift because of her pregnancy. As a result, Roney continued to work as a day-to-day substitute.

In December, shortly before the expiration of the 90-day provisional period, management asked Roney to produce the required child abuse clearance. Because she had failed to apply for the clearance, Roney promptly pursued obtaining this credential. In the meantime, on December 16, 2010, Michael Brinkos, AIU's

2

Director of Human Resources, informed Roney by letter that her employment was terminated because she lacked the required clearance. The letter advised Roney that if she received her "clearance in the near future and are interested in working with the AIU, you may re-apply for a position."

The Commonwealth of Pennsylvania issued Roney's child abuse clearance on December 17, 2010, and she received it shortly thereafter. In any event, on December 29, 2010, Roney contacted Kate Mitchell, a Human Resources specialist, to advise that she had obtained her clearance and wanted to re-apply for a position. Mitchell directed Roney to contact Principal McDonough. Roney followed through, but was advised her position was no longer available. McDonough noted that an MDS position was open. Roney expressed an interest, but noted that her pregnancy precluded lifting. In her reply, Roney asked if there were any other positions available. She copied her e-mail to Victoria Dunlop, another HR specialist. Although there were several open PCA positions in January 2011, Roney never received any response from AIU.

Thereafter, Roney filed a complaint asserting a pregnancy discrimination claim under Title VII. An amended complaint alleged claims based on both her termination and AIU's failure to rehire her. The District Court granted AIU's motion for summary judgment on the basis that she had failed to demonstrate that AIU's reasons for its actions were a pretext. Roney appealed, challenging only the

3

grant of summary judgment on her failure to rehire claim.

Roney asserts that the District Court applied the wrong standard in granting AIU's summary judgment motion. In her view, the Court failed to draw all reasonable inferences in her favor. *See Roth v. Norfalco LLC*, 651 F.3d 367, 373-74 (3d Cir. 2011) (acknowledging that our review of an order granting summary judgment requires considering the "evidence in the light most favorable to the nonmovant and draw[ing] all reasonable inferences in that party's favor").

Roney may defeat AIU's summary judgment motion by "discrediting the proffered reasons" for failing to hire her. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). "To discredit the employer's proffered reason," Roney "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them unworthy of credence, and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Id.* at 765 (internal quotation marks and citations omitted). We have carefully examined the record and conclude that Roney has cast sufficient doubt on AIU's proffered reasons. Her claim should survive summary judgment.

We acknowledge that AIU's position that Roney failed to apply for an open and available position is, on its face, a legitimate, nondiscriminatory reason. But the record shows that Roney did in fact "apply." Consistent with her termination

4

letter, Roney contacted Mitchell about reapplying for a position. Mitchell advised Roney that "[i]f there are open positions, and you are interested, an email to [Principal McDonough] and Victoria Dunlop would be enough for an application since you have a file with us." After speaking with Principal McDonough, Roney replied, copying Dunlop, noting her inability to perform an MDS position because of her pregnancy and asking if there were any other positions available. According to Mitchell's instruction, this was sufficient to constitute an application.

Indeed, our review of the deposition testimony of Principal McDonough, Brinkos, and the HR specialists Dunlop and Mitchell reveals that each of these individuals tacitly acknowledged that Roney had expressed an interest in any other open position. And each of these individuals disclaimed any responsibility or involvement in the decision not to rehire her. Principal McDonough, Dunlop, and Mitchell were each aware that Roney was pregnant. Principal McDonough indicated it was HR's responsibility to advise who could fill any empty positions in the school. Mitchell testified that Principal McDonough and Dunlop would have worked together to staff the positions. Dunlop, however, denied knowing why Roney was not rehired. Although the reason initially proffered was that Roney had not applied, Brinkos affirmed he had no idea why Roney wasn't rehired. Yet he went on to explain that Roney was not rehired because the AIU did not actually have a copy of her child abuse clearance and that "[i]f [he] had it in hand, [AIU]

5

would have considered rehiring her." This is a classic *Fuentes v. Perskie* inconsistency. Roney has adduced sufficient inconsistencies and contradictions to discredit AIU's proffered reason for its failure to rehire her.

This is a close case. Nonetheless, drawing all reasonable inferences in Roney's favor, we are compelled to reverse the judgment of the District Court and remand for further proceedings. Whether Roney will be able to prove at trial that her pregnancy was a determinative factor in AIU's decision is best left to a jury to resolve.